Per Curiam.

Petitioner’s first contention is that the indictment returned against him was based on incompetent testimony and perjury effected by coercion, and, thus, the trial court had no jurisdiction over him. Proceedings of a grand jury are secret, and there is no way of knowing what evidence was considered in returning an indictment. Indictments are not open to challenge in habeas corpus proceedings on the basis that they were returned upon incompetent or inadequate evidence. Costello v. United States, 350 U. S., 359; Lawn v. United States, 355 U. S., 339; Villasino v. Maxwell, Warden, 174 Ohio St., 483; and Churchill v. Haskins, Supt., 176 Ohio St., 183.
Next, petitioner urges that he has been deprived of his constitutional rights by the refusal of the trial court to furnish *19 him a trial transcript, and, thus, he was denied the right to appellate review. There is no evidence that petitioner has sought either within or without rule to perfect an appeal to the Court of Appeals.
The denial of a transcript by the trial court is a final order from which an appeal may be taken to the appellate court. A question as to improper denial of a transcript can be raised on appeal and is not cognizable in habeas corpus. Tinsley v. Maxwell, Warden, 176 Ohio St., 185; McCoy v. Maxwell, Warden, 176 Ohio St., 249; and Vaughn v. Maxwell, Warden, 176 Ohio St., 289.
Petitioner’s basic oral argument was devoted to the fact that he is innocent, and that the court admitted evidence of mentally incompetent witnesses. These questions can be raised on appeal and are not cognizable in habeas corpus. Spence v. Sacks, Warden, 173 Ohio St., 419; In re Poage, 87 Ohio St., 72; and Page v. Green, Supt., 174 Ohio St., 178.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.